**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**VICTORIA PAGAN,**
in her individual capacity and on behalf of others similarly situated,

        Plaintiff,

v.

**PIER 76 INC.,**
   d/b/a Pier 76 Italian Restaurant,
**JOE & PAT'S PIZZERIA, INC**
   d/b/a Joe & Pat's Pizzeria & Restaurant,
**JOE & PAT'S PIZZERIA & RESTAURANT, LLC**
   d/b/a Joe & Pat's Pizzeria & Restaurant,
**PAPPAGUSTO, INC.**
   d/b/a Molo Ristorante,
**GENNARO PAPPALARDO,** an individual,
**JEREMY PAPPALARDO,** an individual,

        Defendants.

---

**COMPLAINT FOR DAMAGES**

Case No._____

**JURY TRIAL REQUESTED**

## INTRODUCTION

1. Plaintiff Victoria Pagan worked as a server, hostess, and cashier for Defendants' related restaurants for approximately two and a half years. During this time, Defendants engaged in egregious time shaving practices, violated minimum wage and overtime laws, and failed to give proper notices to their employees. To challenge these and other wage violations, Plaintiff, in her individual capacity and on behalf of others similarly situated, brings this class and collective action, by and through her attorneys, against the above-captioned Defendants to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

"FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred primarily at the Defendants' restaurants located in Staten Island, New York, and one or more of the Defendants named herein reside in this district.

## PARTIES

5. The restaurants at issue are family-owned Italian restaurants. Upon information and belief, Defendant Gennaro ("Gerry") Pappalardo is one of nine sisters and brothers. Many of these siblings and their children are involved in this restaurant enterprise. Jeremy Papparlardo is his son.

6. At all relevant times, the corporate Defendants' business activities have been related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r). For example, they share common management and ownership; employees including the Plaintiff are moved around the locations as needed; and they share common resources.

7. On the "About Us" page of the Pier 76 website (www.pier76si.com) the Defendants advertise publicly as follows: "Serving … the same pizza as Staten Island's legendary Joe

and Pat's, the food at Pier 76 is sure to impress." and "Also, try our sister restaurant, Molo, for fine dining."

**Pier 76**

8. Defendant **Pier 76, Inc.** ("Pier 76") is a corporation doing business within the County of Richmond, and whose principal place of business is located at 76 Bay St., Staten Island, NY 10301. Its DOS Process agent is listed with the NYS Department of State Pier 76 Inc. at the same address.

9. Defendant Pier 76, Inc. operates a restaurant located at 76 Bay St., Staten Island, NY 10301 that does business as Pier 76.

10. At all relevant times, Defendant Pier 76 has had annual gross revenues in excess of $500,000.

11. At all relevant times, Defendant Pier 76 has been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. At all times material to this action, Defendant Pier 76 was subject to the FLSA.

13. Defendant Pier 76 was/is an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA and NYLL.

14. Plaintiff regularly worked at Pier 76.

**Joe & Pat's**

15. **Joe & Pat's Pizzeria & Restaurant, LLC** ("Joe & Pat's") is a corporation doing business within the County of Richmond, and whose principal place of business is located at 1758 Victory Blvd., Staten Island, NY 10314. Its DOS Process agent is listed with the NYS Department of State Joe & Pat's Pizzeria, Inc. at the same address.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pagan v. Pier 76 Inc., et al.,*
USDC, Eastern District of New York

Complaint
Page 3

16. Defendant Joe & Pat's Pizzeria & Restaurant, LLC currently operates a restaurant located at 1758 Victory Blvd., Staten Island, NY 10314 called Joe & Pat's.

17. Joe & Pat's has been in operation since about 1960.

18. **Joe & Pat's Pizzeria, Inc.** is a corporation whose DOS Process agent is listed with the NYS Department of State Joe & Pat's Pizzeria, Inc. at 1758 Victory Blvd., Staten Island, NY 10314.

19. Defendant Joe & Pat's Pizzeria, Inc. previously operated a restaurant located at 1758 Victory Blvd., Staten Island, NY 10314.

20. At all relevant times, Defendant Joe & Pat's has had annual gross revenues in excess of $500,000.

21. At all relevant times, Defendant Joe & Pat's has been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

22. At all times material to this action, Defendant Joe & Pat's was subject to the FLSA.

23. Plaintiff worked at Joe & Pat's on some occasions.

24. Defendant Joe & Pat's was/is an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA and NYLL.

**Molo**

25. **Pappagusto, Inc.** ("Molo") is a corporation doing business within the County of Richmond, and whose principal place of business is located at 987 Bay St., Staten Island, NY 10305. Its DOS Process agent is listed with the NYS Department of State as Pappagusto Inc. at the same address.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pagan v. Pier 76 Inc., et al.,*
USDC, Eastern District of New York

Complaint
Page 4

26. Defendant Pappagusto Inc, Inc. operates a restaurant located at 987 Bay St., Staten Island, NY 10305 that does business as Molo Ristorante.

27. At all relevant times, Defendant Molo has had annual gross revenues in excess of $500,000.

28. At all relevant times, Defendant Molo has been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

29. At all times material to this action, Defendant Molo was subject to the FLSA.

30. Plaintiff worked at Molo on some occasions.

31. Defendant Molo was/is an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA and NYLL.

**Defendant Gennaro Pappalardo**

32. Defendant Gennaro Pappalardo, an individual, resides at 20 Wilson Terrace, Staten Island, New York, in Richmond County, upon information and belief.

33. Upon information and belief, Defendant Gennaro is an owner, member, and/or shareholder of some or all of the related corporate defendants.

34. Defendant Gennaro actively participates in the business of the corporations.

35. At all times material to this action, Defendant Gennaro has exercised substantial control over the functions of the corporate Defendants' employees including Plaintiff and others similarly situated.

36. Defendant Gennaro has the ability to hire and fire, set schedules and rates of pay, and determine and implement employment related polices for all the corporate Defendants.

37. At all times material to this action, Defendant Gennaro was an additional "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

**Defendant Jeremy Pappalardo**

38. Defendant Jeremy Pappalardo, an individual, resides in Richmond County, upon information and belief.

39. At all times material to this action, Defendant Jeremy Pappalardo actively participated in the business of the corporations.

40. Defendant Jeremy is the son of Defendant Gennero Pappalardo.

41. Upon information and belief, Defendant Jeremy Pappalardo is an owner, member, and/or shareholder of some of the related corporate defendants.

42. At all times material to this action, Defendant Jeremy exercised substantial control over the functions of the corporate Defendants' employees including Plaintiff and others similarly situated.

43. Defendant Jeremy had the ability to and did in fact hire and fire, set schedules and rates of pay, and determine and implement employment related polices for the corporate Defendants.

44. At all times material to this action, Defendant Jeremy was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

**Plaintiff Victoria Pagan**

45. Plaintiff Victoria Pagan is a resident of Staten Island, New York, which is in Richmond County.

46. Plaintiff Victoria Pagan worked for Defendants from approximately September 2015 to mid-February, 2018 in the positions of server, hostess, and cashier.

47. Plaintiff primarily worked at Pier 76, but she worked at Molo and Joe & Pat's sometimes as well.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

48. At all times material to this action, Plaintiff Pagan was an "employee" within the meaning of 29 U.S.C. § 203(e) and the NYLL.

49. While working for Defendants, Plaintiff Pagan's pay scheme was hourly plus tips when working as a server. When she worked as a cashier or pizza counter clerk she was paid on an hourly basis, at a rate of $9.00 per hour. When she worked as a hostess, she was simply paid a flat amount, in cash, for the shift, usually of around $50 per shift.

50. Plaintiff Pagan's actual rate of pay as a server was $5.00 per hour plus tips. The amount per hour stated on her pay stubs is $7.50 per hour, but her hours were reverse engineered and decreased to make it look as though she was being paid this amount when in fact she is actually paid at a rate of $5.00 per hour times the actual number of hours she works.

51. In addition, when she worked in the non-tipped capacities, her pay stubs make it look as though she is being paid at or above the applicable minimum wage rate when in fact her hours are being reduced to make the math work out the same way.

52. Sometimes on her paychecks there is no breakdown of hours and rates at all and her pay is simply listed as a lump sum and called "salary" even though she did not work a salaried position.

53. Sometimes additional hours or shifts were missing from her pay.

54. The Plaintiff received separate checks from the different restaurants she worked at, but these pay practices and methods were the same across all three of them.

55. When she works more than 40 hours, she is only paid at a straight time rather than "time and a half" rate for hours worked (if she was even paid for all of the hours she worked in the first place).

56. There was nothing unique or special about the Plaintiff in regard to these pay practices; the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pagan v. Pier 76 Inc., et al.,*
USDC, Eastern District of New York

Complaint
Page 7

practices are applied to all employees at all three restaurants.

57. Plaintiff Pagan and other similarly situated employees record their time worked by an electronic POS (point of sale) system.

58. Plaintiff Pagan's schedule has varied during the time she has worked for Defendants. In general, because a number of the restaurants' employees are students, their work schedules change each semester to fit their class schedules.

59. Plaintiff Pagan sometimes worked more than ten hours a day, when she worked a "double" shift (i.e. lunch and dinner shifts).

60. Throughout her employment, Defendants did not provide Plaintiff with accurate pay stubs.

61. Throughout her employment, Defendants did not provide Plaintiff with a wage notice.

62. Throughout her employment, Defendants failed to provide Plaintiff notice regarding a tip credit.

**FLSA Collective Plaintiffs**

63. The Named Plaintiff brings the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of (a) all employees paid on an hourly basis and employed by any of the Defendants on or after the date three years before the filing of the instant Complaint (the "FLSA Collective Plaintiffs").

64. Upon information and belief, all employees paid on an hourly basis are not paid at least the relevant minimum wage for all hours worked or an overtime rate for all hours worked over forty.

65. All employees of Defendants as listed above have common or substantially similar job descriptions and duties and are subject to common or substantially similar policies and procedures.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

66. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties, have been subject to common pay practices and decisions on the part of the Defendants. The FLSA claims of the Named Plaintiff alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

67. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendant's records. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, text message, and social media.

**Rule 23 Class**

68. The Named Plaintiff bring the Second Claim for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all employees paid on an hourly basis employed by any of the Defendants on or after the date six years before the filing of the instant Complaint within the state of New York (the "NYLL Class Plaintiffs").

69. The number of, and identities of, the individuals comprising the NYLL Class are, or should be, readily ascertainable from Defendants' records. Notice can be provided to the NYLL Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

70. The precise number of persons is unknown, as such information is in the custody and control of the Defendants. However, there are easily more than fifty (50) individuals in the proposed NYLL Class.

71. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

72. The Named Plaintiff's claim is typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiff is typical of the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

relief which could be sought by any member of the proposed NYLL Class. The Class members were all subject to the same practices, decisions, policies, plans, and customs of Defendants as alleged herein. There was nothing special about the Named Plaintiff that caused him to be treated differently than other Class members in regards to the pay policies to which they were subjected. Defendants benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiff in the same way. Though the exact amounts may differ, Plaintiff and other Class members incurred similar losses, injuries, and damages arising from Defendants' pay practices.

73. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Further, Plaintiff is represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

74. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against Defendants having a superior bargaining positions. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

75. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to the law

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

and others not, resulting in a net benefit to Defendants for those who were improperly paid but for whom no damages are assessed.

76. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

   a. Whether NYLL Class Plaintiffs have been improperly paid below the relevant minimum wage;

   b. Whether NYLL Class Plaintiffs have been improperly paid below the relevant overtime rate for all hours worked over forty in a workweek;

   c. Whether Defendants' improperly took a "tip credit" against the wages of the NYLL Class Plaintiffs;

   d. What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

   e. Whether Defendants' conduct was willful;

   f. Whether Defendants maintained true and accurate time and payroll records; and

   g. What formulae are appropriate for calculating damages.

## FACTUAL BACKGROUND

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

77. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Minimum Wage*

78. Defendants failed to pay Plaintiff and others similarly situated the minimum wage for all

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pagan v. Pier 76 Inc., et al.,*
USDC, Eastern District of New York

Complaint
Page 11

hours they worked, in violation of the FLSA.

*Improper Claim to Tip Credit Amount*

79. Defendants did not meet their obligations that would permit them to enjoy the benefits of the tip credit.

80. Therefore, Plaintiff and others similarly situated are entitled to recover for the difference between the full minimum wage rate and what they were actually paid in hourly compensation.

*Failure To Pay Time Overtime*

81. Defendants failed to compensate Plaintiff and others similarly situated at a rate of one and one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

82. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

83. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

84. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

85. As a result of the violations by Defendants of the FLSA, the Plaintiff and others similarly situated are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid minimum wages, overtime, liquidated damages, attorney fees, costs,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pagan v. Pier 76 Inc., et al.,*
USDC, Eastern District of New York

Complaint
Page 12

and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

## As And For A Second Cause of Action:
## NEW YORK LABOR LAW (NYLL) VIOLATIONS

86. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

87. At all relevant times, Plaintiff and others similarly situated were/are employees of Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### *Failure To Pay Minimum Wage*

88. Defendants failed to pay Plaintiff and others similarly situated the minimum wage for all hours they worked, in violation of NYLL § 652.

### *Failure To Pay Overtime*

89. Defendants failed to compensate Plaintiff and others similarly situated at a rate of one and one half times their normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### *Spread of Hours*

90. Plaintiff and others similarly situated worked more than 10 hours on at least some workdays, but Defendants failed to pay them an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

### *Failure To Provide Break Time*

91. Plaintiff and others similarly situated were/are employed in or in connection with Defendants' "mercantile or other establishment." Plaintiff and others similarly situated worked a shift of more than six hours extending over the noon day meal timeframe (i.e. between 11:00 a.m. and 2:00 p.m.). Defendants failed to provide Plaintiff and others

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

similarly situated at least thirty minutes for the noon day meal, in contravention of NYLL § 162(2).

92. Plaintiff and others similarly situated worked a shift starting before 11:00 a.m. and ending later than 7:00 p.m. Defendants failed to provide Plaintiff and others similarly situated an additional meal period of at least twenty minutes between 5:00 p.m. and 7:00 p.m., in contravention of NYLL § 162(3).

93. Plaintiff and others similarly situated worked a shift of more than six hours starting between 1:00 p.m. and 6:00 a.m. Plaintiff and others similarly situated were/are employed in or in connection with Defendant's mercantile or other establishment. Defendants failed to provide Plaintiff and others similarly situated at least forty-five minutes for a meal period, in contravention of NYLL § 162(4).

94. The New York Commissioner of Labor issued no authority, pursuant to NYLL § 162(5) permitting Defendant to provide shorter meal periods for Plaintiff.

*Failure to Provide Pay Stubs / Wage Notices / Tip Notice*

95. Defendants failed to furnish Plaintiff and others similarly situated with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

96. Defendants failed to furnish Plaintiff and others similarly situated with true and accurate "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

97. Defendants failed to furnish Plaintiff and others similarly situated with a "tip notice" or written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday, and a statement that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate. 12 N.Y. Comp. Codes R. & Regs. 146-2.2.

### *Record-Keeping Failures*

98. At all relevant times, Defendants failed to establish, maintain and preserve for not less than six years, accurate payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6. See also NYLL § 661.

### *Damages*

99. Due to Defendants' New York Labor Law violations, Plaintiff and others similarly situated are entitled to recover their unpaid wages, minimum wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Law § 663(1).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff and others similarly situated respectfully requests that this Court grant the following relief:

(A) Certify this case as a class action, pursuant to Fed. R. Civ. P. 23;

(B) Designate of Plaintiff's counsel as Class Counsel

(C) Certify this case as a collective action, pursuant to 29 U.S.C. §216(b);

(D) Award Plaintiff and others similarly situated unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(E) Award Plaintiff and others similarly situated "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff and others similarly situated worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(F) Award Plaintiff and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(G) Award Plaintiff and others similarly situated liquidated damages pursuant to NYLL § 663;

(H) Award Plaintiff and others similarly situated statutory penalty awards related to Defendants' failures to provide required notices;

(I) Award Plaintiff and others similarly situated interest;

(J) Award Plaintiff and others similarly situated the costs of this action together with reasonable attorneys' fees; and

(K) Award such other and further relief as this Court deems necessary and proper.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pagan v. Pier 76 Inc., et al.,*
USDC, Eastern District of New York

Complaint
Page 16

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and others similarly situated demand a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **8th** day of **March, 2018.**

ANDERSONDODSON, P.C.

*[signature]*

**Penn A. Dodson (2244)**
*penn@andersondodson.com*

Attorney for Plaintiffs

11 Broadway, Suite 615
New York, NY 10004
212.961.7639 tel
646.998.8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pagan v. Pier 76 Inc., et al.,*
USDC, Eastern District of New York

Complaint
Page 17