UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VICTORIA PAGAN,

                          Plaintiff,

          -against-

PIER 76, INC., JOE & PAT'S PIZZERIA, INC., JOE & PAT'S PIZZERIA & RESTAURANT, LLC, PAPPAGUSTO, INC., GENNARO PAPPALARDO, JEREMY PAPPALARDO

                          Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
18 CV 1460 (KAM) (CLP)

**POLLAK**, United States Magistrate Judge:

On March 8, 2018, plaintiff Victoria Pagan commenced this lawsuit individually and on behalf of others similarly situated against Pier 76, Inc., Joe & Pat's Pizzeria, Inc., Joe & Pat's Pizzeria & Restaurant, LLC, Pappagusto, Inc., Gennaro Pappalardo, and Jeremy Pappalardo (collectively, "defendants"), seeking unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650 et seq.

On November 30, 2018, plaintiff filed a request for a pre-motion conference seeking an Order from the Court regarding conditional certification of the collective. Plaintiff asserts that she has been attempting to confer with defendants on the language of the proposed Notice and Consent Form and attempted to obtain from defendants the contact information necessary to send the notice to similarly situated employees. (11/30/18 Ltr.[1] at 1). Despite this Court's specific

---

[1] Citations to "11/30/18 Ltr." refer to plaintiff's Request for Pre-Motion Conference Regarding Collective Certification, filed on November 30, 2018.

1

direction to the parties at the October 30, 2018 conference, plaintiff contends that defendants have not responded to plaintiff's efforts to confer. (Id.)

Accordingly, plaintiff now requests an Order from the Court approving the proposed Judicial Notice and the proposed Consent Form. (Id. at 1-2). Moreover, plaintiff requests that the Court Order defendants to produce contact information for "all hourly (non-management) workers employed by (or working at, if 'off the books') either restaurant at any time between 6 years before the filing of the complaint and 11/30/2018." (Id. at 2). Plaintiff requests the full name, phone number(s), email address(es), mailing address(es), dates of employment, and position(s) of the potential collective members. (Id.) Finally, plaintiff requests that the Court Order a 60-day opt-in period and direct distribution of the notice through mail, email, posting at the restaurants, text, and social media in English.

Since defendants have not responded to plaintiff's counsel's repeated requests for collaboration (see id. at 1), the Court Orders the following: 1) defendants are to produce the requested contact information in **one week, by December 13, 2018**; 2) the proposed Judicial Notice is approved; 3) the proposed Consent Form is approved; and 4) the procedures set forth by plaintiff are approved.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 4, 2018

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

2