UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VICTORIA PAGAN,

                       Plaintiff,

            -against-

PIER 76, INC., JOE & PAT'S PIZZERIA,                 **ORDER**
INC., JOE & PAT'S PIZZERIA &                                 18 CV 1460 (KAM) (CLP)
RESTAURANT, LLC, PAPPAGUSTO, INC.,
GENNARO PAPPALARDO, JEREMY
PAPPALARDO,

                       Defendants.
-----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

       On March 8, 2018, plaintiff Victoria Pagan commenced this lawsuit individually and on behalf of others similarly situated against Pier 76, Inc., Joe & Pat's Pizzeria, Inc., Joe & Pat's Pizzeria & Restaurant, LLC, Pappagusto, Inc. (d/b/a Molo), Gennaro Pappalardo, and Jeremy Pappalardo, seeking unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650 et seq.

       On December 19, 2018, plaintiff and defendants Joe & Pat's Pizzeria, Inc., Joe & Pat's Pizzeria & Restaurant, LLC, and Gennaro Pappalardo (collectively, "Settling Defendants"), appeared before this Court having reached a partial settlement of this matter, the terms of which were set forth on the record during the proceeding to approve the Settlement Agreement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct 824 (2016). The parties consented to the undersigned for the purpose of this motion on January 2, 2019.

       For the reasons set forth in this Order, the Court approves the parties' settlement as fair

and reasonable, but reduces the award for attorneys' fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Corporate defendants are Italian restaurants, owned by individual defendants Gennaro Pappalardo and Jeremy Pappalardo. (Compl.[1] ¶ 5). Plaintiff Pagan alleges that she was employed by all defendants in this action from approximately September 2015 to mid-February 2018. (Id. ¶ 46). Plaintiff claims that she worked as a server, hostess, and cashier primarily at Pier 76, but also at Molo and Joe & Pat's. (Id. ¶¶ 1, 47). Specifically, she states that she worked for the Joe & Pat's defendants for only a "handful of days." (12/27/18 Ltr.[2] at 2).

Plaintiff alleges that when she worked as a cashier or pizza counter clerk, she was paid on an hourly basis at a rate of $9.00 per hour. (Compl. ¶ 49). When she worked as a hostess, she was paid a flat rate of $50 per shift in cash. (Id.) She claims that defendants manipulated her pay stubs to make it look as though she was being paid more than she actually was. (Id. ¶¶ 50, 51). Plaintiff also alleges that she was not paid one and one-half times her hourly wage for hours worked during a single week in excess of 40 hours. (Id. ¶ 55). She also claims that she did not receive spread-of-hours pay when she worked more than ten hours in a work day. (Id. ¶ 90). Finally, plaintiff claims that she did not receive accurate pay stubs, a wage notice, or a notice regarding a tip credit. (Id. ¶¶ 60-62).

Plaintiff has reached a settlement with Settling Defendants for a total of $4,000, of which plaintiff's attorney would receive $2,500 in fees and costs, with plaintiff receiving the remaining $1,500. (Sett. Agr.[3] § I(A)).

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on March 8, 2018.
[2] Citations to "12/27/2018 Ltr." refer to plaintiff's letter regarding plaintiff's counsel's fees and costs, filed December 27, 2018.
[3] Citations to "Sett. Agr." refer to the parties' Settlement Agreement, submitted November 29, 2018.

DISCUSSION

1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

When examining attorneys' fees in an FLSA settlement, courts may use either the "lodestar" method or the "percentage of the fund" method. Guzman v. Joesons Auto Parts, No. 11 CV 4543, 2013 WL 2898154, at *1 (E.D.N.Y. June 13, 2013). Regardless of the method used, courts should consider the factors set forth in Goldberger v. Integrated Res., Inc., which include: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the

3

litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. 209 F.3d 43, 50 (2d Cir. 2000).

2. Settlement Terms

The Court finds that the terms of the Settlement Agreement are fair and reasonable. Although the agreement contains a non-disparagement provision, the provision includes a carve-out for truthful statements. (Sett. Agr. § II(C)); see Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (noting that a non-disparagement provision "must include a carve-out for truthful statements about [a plaintiff's] experience litigating [his] case").

3. Settlement Amount

Plaintiff and Settling Defendants propose a total settlement amount of $4,000. (Sett. Agr. § I(A)). Of this amount, plaintiff will receive $1,500. The parties represented at the Fairness Hearing that this amount was more than plaintiff earned during her period of employment with Settling Defendants. Plaintiff also explains that this figure is likely better than her best-case scenario. (12/27/2018 Ltr. at 2).

With respect to plaintiff's counsel's request for fees, plaintiff's counsel requests $2,500, of which $2,171.65 is attorneys' fees and $328.35 is costs. At the fairness hearing, the Court directed plaintiff's counsel to provide additional information about the fees and costs incurred, which counsel did on December 27, 2018. Counsel clarified that the $328.35 amount constitutes half of the total costs incurred so far in this case, which includes the filing fee, non-legal research, printing and postage costs, conference call fees, and a flat fee for "untrackable costs."

(Id.) Counsel asserts that it makes sense to divide the costs in half because they "all pertain to the case as a whole." (Id.)

With respect to the request for attorneys' fees, counsel states that she has accrued about "$1,000 worth of work attributable to just these defendants and just over $8,000 attributable" to all defendants in this case; thus, $2,171.65 is a reasonable request. (Id. at 1). Although this amount is more than one third of the settlement agreement, plaintiff's counsel represents that attorneys' fees "need not be 'proportional' to the size of the damage award." (Id. at 2-4 (citing cases)). For support, counsel cites Millea v. Metro-North R. Co., in which the Second Circuit emphasized that "calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel." (Id. at 3 (citing 658 F.3d 154, 169 (2d Cir. 2011)). In Millea v. Metro-North R. Co., the Second Circuit held that the district court erred in awarding only $612.50 to plaintiff's counsel, when counsel had requested $144,792 in attorneys' fees. 658 F.3d at 167, 169.

Counsel also referred to one of her prior cases, Rosino v. Quadami, Inc., in which the court approved an award for attorneys' fees even though the fees and costs represented 52.64% of the total settlement. (12/27/2018 Ltr. at 3 (citing No. 17 CV 01126 (E.D.N.Y. Mar. 26, 2018)). The court reasoned that the Second Circuit's decision in Millea v. Metro-North R. Co., "the distinctive circumstances present in this case," and the fact that the case involved "an individual FLSA action" convinced the court that the award was reasonable. Short Order at 2, Rosino v. Quadami, Inc., No. 17 CV 01126 (E.D.N.Y. Mar. 26, 2018), ECF No. 50.

According to submissions filed by counsel in Rosino v. Quadami, Inc., there were sixteen total parties, including thirteen plaintiffs. In this settlement, there are only four parties, including

5

one plaintiff, and the $2,500 award is not 52.64% of the total settlement, but 62.5% of the total settlement. Moreover, the award in Rosino v. Quadami, Inc., was less than counsel's lodestar (12/27/2018 Ltr. at 3), whereas here, the $2,171.65 amount is more than the $1,000 worth of work attributable to Settling Defendants. The Court is unable to reconcile awarding 62.5% of the settlement to plaintiffs' counsel in a seemingly less difficult case than the one in which counsel received 52.64% of the settlement. The Court notes that unlike the Rosino settlement which resolved all of plaintiffs' claims, here the settlement only deals with one set of defendants, and the litigation is continuing against the remaining defendants at this time.

The Court has also taken into consideration plaintiff's claim that she was employed by the Joe and Pat's defendants for only a "handful of days" (id. at 2), whereas her claims against the non-settling defendants encompass close to two and a half years of unpaid wages. Although plaintiff has not provided any information regarding the damages sought from the non-settling defendants, it is assumed that the amounts are significantly greater than the amount sought from Settling Defendants. Under that same premise, the percentage of attorneys' fees reasonably expected to be received from the other defendants should be greater as well.

Accordingly, upon reviewing the case law and the parties' submissions, the Court reduces the award of attorneys' fees and costs attributed to this partial settlement to $2,000, or 50% of the total settlement. The Court notes that this figure is closer to, but still greater than, counsel's lodestar for the work performed for the matter involving the Settling Defendants, and is a significant percentage of the $8,000 total value of the work attributable to the case in general.

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of the plaintiff's

claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court also finds that an award of $2,000 for attorneys' fees and costs is reasonable based on the lodestar crosscheck. Moreover, the Court is sufficiently familiar with the proceedings in this action to assess the fairness of the settlement, having supervised discovery.

The parties shall file a stipulation of dismissal with prejudice by **February 11, 2019**.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated:   Brooklyn, New York
         January 9, 2019                           /s/ Cheryl L. Pollak
                                                   _____
                                                   Cheryl L. Pollak
                                                   United States Magistrate Judge
                                                   Eastern District of New York